STATE OF WEST VIRGINIA *v.* I. H. TOTTEN

(No. 8246)

Submitted February 12, 1936. Decided March 17, 1936.

*L. W. Blankenship* and *Via, Hardwick & Quinlan,* for plaintiff in error.

*Homer A. Holt,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *E. E. Winters, Jr.,* for the State.

LITZ, JUDGE:

This is a contempt proceeding in which respondent, I. H. Totten, was convicted by the circuit court of Cabell County upon the charge of intimidating and attempting to intimidate Albert Casto while returning as a witness from said court, in violation of section 26, article 5, chapter 61, Code 1931.

Claude Carpenter, who had been arrested in Cabell County on a fugitive warrant charging him with the robbery of Casto in the State of Ohio, filed a petition before said court for his release upon a writ of habeas corpus. At the trial upon the petition and alternative process, June 25, 1935, Casto testified as a witness against Carpenter and respondent appeared as a witness in his behalf. Fifteen or twenty minutes after the hearing and the discharge of the witnesses, Totten, who was a

constable of Guyandotte District, Cabell County, arrested Casto for alleged violation of the road law. In his version of the incident, Totten stated that after leaving the courthouse, E. E. Strum, a justice of the peace in Gideon District of Cabell County, and who had also attended the hearing as a witness for Carpenter, handed him an execution which had been issued on a judgment in favor of Strum against one Eddie Morris (of Cattletsburg, Ky.), and pointing to Casto, said: "He might have Eddie Morris' car;" that he immediately followed Casto to a parked car nearby, where, after Casto had declined to divulge its ownership, he arrested him because he did not produce a registration card showing the ownership of the car; that he was en route with Casto in the car under investigation to his own car which had been parked some distance away, for the purpose of checking the license number of the car in question, when they came upon T. W. Peyton, assistant prosecuting attorney of Cabell County; that upon Casto calling to Peyton and advising him of his arrest, Peyton conducted them to the courthouse where Casto was released at the direction of the prosecuting attorney. Totten made the arrest outside of his district without a warrant. Peyton testified that Totten told him at the time he was hailed by Casto that he had arrested Casto either because he did not have license plates or operator's license. Peyton also testified that Totten was in court with other witnesses for Carpenter during the hearing of the habeas corpus proceedings, at times consulting with Carpenter.

The trial court held that the arrest was fictitious, and that its purpose was to intimidate Casto as a witness against Carpenter. The statute under which Totten was tried permits courts and judges thereof to issue attachments for contempt and punish summarily for "violence or threats of violence to a * * * witness or party going to, attending or returning from the court, for or in respect of any act or proceeding had in such court."

We are of opinion that the evidence and circumstances were such as to justify the findings of the court. We are further of the opinion that the conduct of Totten

constituted violence against Casto within the meaning of the statute. Among the several definitions of violence is "force unlawfully exercised." 67 C. J. 249. " 'False imprisonment is a wrong akin to the wrongs of assault and battery, and consists in imposing by force or threats an unlawful restraint upon a man's freedom of locomotion. *Prima facie* any restraint put by fear or force upon the actions of another is unlawful and constitutes false imprisonment, unless a showing of justification makes it a true or legal imprisonment.' Cooley on Torts, 196." *Gillingham* v. *Ohio River R. Co.*, 35 W. Va. 588, 595, 14 S. E. 243, 14 L. R. A. 798, 29 Am. St. Rep. 827.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*